## WILLIAM E. YOUNG *v.* G. T. EDWARDS.

**Bills and Notes—Action of Assignee Against Assignor—Necessary Averment—Due Diligence Must Be Shown—Reference to Execution and Return Not Sufficient.**

In order to charge an assignor, suit must not only be brought, but it must appear that due diligence has been used in suing out an execution on the judgment, and an averment of the time when and to the county to which it issued, is as necessary in stating a cause of action as the allegation of prosecution of the action and the recovery of the judgment, and it is not sufficient to say that "an execution was duly issued on said judgment." Due diligence is a question of law, and in order that the law may pronounce its judgment, the facts must be stated. Nor will the omission be supplied by a reference in

the petition to the execution and return. The facts, including the history of the case, from the assignment of the note to the suing out of the executions, must be stated. A reference to them and an offer to file them "if necessary" make them no part of the petition.

### Bills and Notes—Action Against Assignor—When Execution Must Issue Against Payee.

A failure for seven days to issue an execution after it might have issued by an assignor is not such delay as to release the assignor of liability.

APPEAL FROM LOGAN COUNTY CIRCUIT COURT.

March 19, 1872.

OPINION BY JUDGE PETERS:

This action was brought by appellant as assignee of a note on N. G. Skipworth against appellee as his assignor to recover of him the amount he failed to collect from the obligor.

To his petition a demurrer was sustained, and having declined to amend the same, it was dismissed and from that judgment this appeal is prosecuted.

The note was assigned by appellee to appellant on the 1st of October, 1866, was due the 25th of December of the same year, and it is alleged in the petition that suit was brought on it in the Muhlenburg Circuit Court, the county in which the obligor lived on the 30th of March, 1867, and judgment recovered thereon at the June term of the same year, that being the first term of said court after the maturity of the note, and then it is alleged that, "Execution was duly issued on said judgment, and placed in the hands of the sheriff of said Muhlenburg county, and duly returned to the office of the circuit clerk of said county, endorsed, in substance, no property found to satisfy the *fifa* or any part thereof."

Appellant then avers that a suit was brought to foreclose the vendor's lien on the land sold by the payee in said note to the obligor, the recovery of a judgment therefor and a sale of the land which he avers only brought $150.00, leaving a balance of about $190.00 of the debt unpaid including the costs of the action at law and the suit in equity to foreclose the lien, and says, "A copy of all the above named suits, process which

issued therein, orders, decrees, and judgments will be filed here-with if necessary."

It is not alleged in the petition when the execution issued on the judgment, nor when it was returned. In order to charge the assignor of a note, suit must not only be brought, but it must appear that due diligence has been used in suing out execution on judgment, and an averment of the time when and to the county to which it issued is as necessary in stating a cause of action, as the allegation of the prosecution of the action and the recovery of the judgment. And it is not sufficient to say that "An execution was duly issued on said judgment" that is but the pleader's conclusion. Due diligence is a question of law, and in order that the law may pronounce its judgment, the facts must be stated. Nor will the omission be supplied by a reference in the petition to the execution and return. The facts including a history of the case from the assignment of the note to the suing out of the execution must be stated, and from that the court can adjudicate. But even if a mere reference to the execution and return would supply the place of averments that is not done in this case.

A reference to them and an offer to file them "if necessary," makes them no part of the petition. Who is to judge whether it is necessary to file the papers referred to, and when is the question to be determined? It certainly could not be considered good pleading for a plaintiff to state in his petition that he would make an averment of a material fact if it were necessary. He must determine whether it is necessary, or not, and that at his own peril.

The petition in this case was insufficient in failing to aver when the execution issued, and for that reason the demurrer was properly sustained to it.

If the execution issued within fifteen days after the judgment was rendered we are not prepared to say that delay amounted to a want of due diligence. A failure for seven days to issue an execution after it might have issued by an assignee, without any excuse for the delay, is the utmost to which this court has gone, and in the two cases in which it was so decided there was a divided court, the chief justice in both cases assenting. And

we do not feel authorized to abridge that limit in favor of the assignor.

If the assignor was prejudicial by a failure of the appellee to bring a suit to foreclose the lien on the land, that can be shown by proper pleading and evidence. .

But for the reasons indicated we are constrained to affirm the judgment sustaining the demurrer to the petition.

*Rhea, for appellant.*

*Edwards, W. L. Reeves, for appellee.*